IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00256-MR-WCM

| | |
|---|---|
| CHRISTIE CONARD, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> COMMISSIONER OF THE SOCIAL ) </br> SECURITY ADMINISTRATION, ) </br> ) </br> Defendant. ) </br> _____ ) | MEMORANDUM AND </br> RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 12, 13), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. **Procedural Background**

In July of 2017, Plaintiff Christie Conard ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning May 24, 2017. Transcript of the Administrative Record ("AR") 145-146.

On September 4, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 10-27. That decision is the Commissioner's final decision for purposes of this action.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "tachycardia, osteoarthritis, carpal tunnel syndrome, degenerative disc disease, obesity, and hypothyroidism." AR 15. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work…except the claimant could lift and or carry ten pounds occasionally, less than ten pounds frequently. She could sit with normal breaks for six hours in an eight-hour workday and stand and/or walk for a total of two hours in an eight-hour workday. The claimant could push and pull limited only by weight for lifting and carrying. The claimant could climb ramps or stairs occasionally but never climb ladders, ropes or scaffolds. She could balance, stoop, kneel, crouch, and crawl occasionally, and frequently handling [sic] and finger with the bilateral upper extremities. The claimant should avoid concentrated exposure to extreme cold or heat, all exposure to fumes, odors, gases, industrial chemical and other pulmonary irritants and all exposure to unprotected heights, moving mechanical parts and other workplace hazards.

AR 16.

Applying this RFC, the ALJ found that from May 24, 2017 through the date of the ALJ's decision, Plaintiff had the ability to perform certain jobs that existed in significant numbers in the national economy such that Plaintiff was not disabled. AR 21.

### III. Plaintiff's Allegation of Error

Plaintiff contends that the ALJ erred by failing to evaluate her fibromyalgia.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905; see also 20 C.F.R. § 404.350(a)(5) (child benefits). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a

3

federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Discussion

Social Security Ruling ("SSR") 12-2p provides guidance on how the Commissioner will evaluate fibromyalgia in disability claims. SSR 12-2p, 2012 WL 3104869.

According to SSR 12-2p, a claimant can establish a medically determinable impairment of fibromyalgia by demonstrating (1) a diagnosis of fibromyalgia from an acceptable medical source and (2) evidence generally based on either the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia (the "1990 Criteria"), or the 2010 ACR Preliminary Diagnostic Criteria (the "2010 Criteria"). See SSR 12-2p, 2012 WL 3104869; see also Covington v. Saul, No. 3:19-cv-00183-MR, 2020 WL 1042249, at *3 (W.D.N.C. March 3, 2020) (setting out the 1990 and 2010 Criteria). SSR 12-2p additionally provides guidance on the actions the Commissioner may take when there is insufficient evidence to determine whether the claimant

has a medically determinable impairment of fibromyalgia. See SSR 12-2p, 2012 WL 3104869.

Here, Plaintiff reported fibromyalgia as a condition limiting her ability to work, see AR 165 (Plaintiff's Adult Function Report), and her counsel asserted during the administrative hearing that Plaintiff's severe impairments included fibromyalgia. AR 33-34. Plaintiff testified that she had been diagnosed with fibromyalgia by Dr. Ghaussy and experienced forgetfulness and an "allover ache" and pain. See AR 49; AR 39-40; see also AR 46-47 (Plaintiff's testimony regarding "allover body pain" and "memory fog" and that pain affected her ability to concentrate). On initial review, the state agency consultant, Dr. Stephen Levin, found Plaintiff to have, among other things, the medically determinable impairment of fibromyalgia, and listed that impairment as severe. AR 61.

The ALJ, however, did not discuss fibromyalgia when considering Plaintiff's medically determinable severe impairments. AR 15-16. The ALJ, when discussing whether Plaintiff met or medically equaled the severity of a listed impairment, acknowledged Plaintiff's counsel's assertion that Plaintiff had fibromyalgia. However, the ALJ only stated generally that "the claimant's impairments do not reach the level of severity required by the listing level of impairments." AR 16. Finally, when developing Plaintiff's RFC, the ALJ did not discuss medical records from Dr. Ghaussy (or other sources) indicating

5

Plaintiff had been treated for fibromyalgia. See AR 18 (discussing Dr. Ghaussy's May 2, 2016 treatment note); see also AR 321, 750, 744-745, & 733 (May 17, 2017, December 22, 2017, March 7, 2018, October 8, 2018 treatment records from Dr. Ghaussy reflecting "primary fibromyalgia syndrome"); AR 595-597 & 604 (Waynesville Family Practice Center, P.A. treatment notes reflecting tender points and treatment for fibromyalgia); AR 683 (Asheville Cardiology Associates record reflecting "history of fibromyalgia").

Accordingly, the undersigned is unable to determine whether the ALJ considered the requirements of SSR 12-2p, and therefore cannot conclude that the ALJ applied the proper legal standard. See Keener v. Saul, No. 5:19CV121-GCM, 2020 WL 1876060, at *3 (W.D.N.C. April 15, 2020) (remanding where the ALJ "failed to provide an evaluation that would allow this Court to determine if the ALJ's ultimate disability determination is supported by substantial evidence because he failed to consider Plaintiff's fibromyalgia according to the criterion set forth in SSR 12-2p"); Thomas v. Saul, No. 3:18-CV-00334-MR, 2019 WL 4021031, at *4 (W.D.N.C. Aug. 23, 2019) ("Because the ALJ failed to consider the 2010 Criteria, the ALJ's conclusion that the Plaintiff's fibromyalgia was not a medically determinable impairment was not supported by substantial evidence"); April R.D. v. Saul, No. 2:20-cv-210, 2021 WL 3260072, at *11 (E.D. Va. June 29, 2021), report and recommendation adopted, 2021 WL 3215093 (E.D. Va. July 29, 2021) ("The ALJ failed to provide

any explanation or analysis why she determined that fibromyalgia was a 'non-medically determinable impairment,' nor why Plaintiff did not meet the relevant listing in SSR 12-2p. Without such analysis, at best the Court cannot determine whether the ALJ applied the proper legal standard in evaluating Plaintiff's fibromyalgia in the first instance") (internal record citations omitted).[1]

Therefore, the undersigned will recommend remand on this basis.

---

[1] The Commissioner argues that any error with respect to the evaluation of Plaintiff's fibromyalgia was harmless because the ALJ assigned functional limitations "greater than those found within any opinions in the record." Doc. 14 at 15. The undersigned expresses no opinion as to whether the ALJ accounted for Plaintiff's functional limitations adequately, but notes that if fibromyalgia is found to be a medically determinable impairment, SSR 12-2p instructs the ALJ to "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days'" and provides that a claimant with fibromyalgia "may also have nonexertional physical or mental limitations because of their pain or other symptoms." SSR 12-2p, 2012 WL 3104869. It is not clear from the current record that the ALJ conducted this analysis. See also Arakas v. Commissioner, Social Security Administration, 983 F.3d 83, 97 (4th Cir. 2020) ("ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence. Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease").

## VI. Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 12) be **GRANTED**, and that the Commissioner's Motion for Summary Judgment (Doc. 13) be **DENIED**.

Signed: November 12, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).